# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF IOWA
# CEDAR RAPIDS DIVISION

| | |
|---|---|
| GERALD D. DONNELL, <br><br> Plaintiff, <br><br> vs. <br><br> CITY OF CEDAR RAPIDS and PAT ENGEL, <br><br> Defendants. | No. 05-CV-49-LRR <br><br> **ORDER** |

_____

Before the court is Defendants' Motion in Limine ("Motion") (docket no. 27). Plaintiff has not filed a response, but the time for doing so has not expired. For the reasons set forth in this Order and due to the June 19, 2006 trial date, the court deems it necessary to rule on the Motion without waiting for a resistance. *See* LR 7.1(e) ("[I]f circumstances . . . warrant, the court may elect to rule on a motion without waiting for a resistance or a response.").

In the Motion, Defendants ask the court to exclude fifteen witnesses and eighty-one exhibits. Defendants urge exclusion of such evidence on multiple and alternative grounds, including lack of personal knowledge, hearsay, irrelevancy, unfair prejudice, confusion of issues, misleading the jury, undue delay, waste of time and needless presentation of cumulative evidence. The Motion, however, lacks specificity and analysis; it is completely unclear *why* Defendants believe the vast majority of this evidence should be excluded.

The court does not approve of Defendants' trial tactics. The trial management order filed in this case permits the parties to file motions in limine to resolve, in advance of trial, "novel, unusual, or complex legal, factual, or procedural issues reasonably anticipated to

arise at trial." Defendants' Motion violates the letter and the spirit of the trial management order. It violates the letter of the trial management order because exclusion of each of the fifteen witnesses and eighty-one exhibits cannot possibly involve "novel, unusual, or complex legal, factual, or procedural issues." Defendant purports to address these *ninety-six* complex evidentiary issues in an *eight-page* brief. It violates the spirit of the trial management order because motions in limine are designed to simplify trial practice. Motions in limine are not a means by which counsel may attempt to bury his opposing counsel and the court in vague and unsupported objections concerning what appear to be routine evidentiary matters.

In light of the foregoing, the court shall order Defendants to explain, **with specific explanations and citations to legal authority**, why each of Plaintiff's fifteen witnesses and eighty-one exhibits should be excluded. Alternatively, Defendants may withdraw such portions of their Motion that do not involve "novel, unusual, or complex legal, factual, or procedural issues reasonably anticipated to arise at trial" or which they cannot support with argument to the law and the facts. **The failure to completely respond to this Order before May 22, 2006 at 5:00 p.m. shall constitute waiver of the Motion.** In accordance with the trial management order, Plaintiff shall have one week after service of any such filing to file a resistance to Defendants' Motion.

**IT IS SO ORDERED.**

**DATED** this 17th day of May, 2006.

_____
LINDA R. READE
JUDGE, U. S. DISTRICT COURT
NORTHERN DISTRICT OF IOWA